**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| BRADLEY AMMERMAN, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| JPMCB CARD SERVICES, | ) |
| | ) |
| DEFENDANT. | ) |

**<u>NOTICE OF REMOVAL BY DEFENDANT</u>**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant, JPMorgan Chase Bank, N.A., incorrectly sued herein as "JPMCB Card Services" ("Chase"), hereby removes the above-captioned action, *Bradley Ammerman v. JPMCB Card Services*, Oklahoma County Case No. SC-25-7192 (the "State Court Action"), from the District Court for Oklahoma County, State of Oklahoma (the "State Court"), to the United States District Court for the Western District of Oklahoma.

Plaintiff Bradley Ammerman ("Plaintiff") commenced the State Court Action by filing a small claims petition on April 11, 2025. Chase received a copy of the small claims petition and order on or about April 17, 2025, rending removal of the State Court Action timely.

Chase denies any liability to Plaintiff, including in connection with the contemplated claim (for purported violation of the Fair Credit Reporting Act, 15 U.S.C. 1681 *et seq*. (the "FCRA")), and files this Notice of Removal to federal court without waiving any defenses, exceptions, or arguments for motion practice and/or dismissal

(whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.[1]

### Procedural Background

1.      On April 11, 2025, Plaintiff filed the Complaint in the State Court Action. Chase is the only named defendant in the State Court Action.

2.      Chase received a copy of the small claims petition, an unexecuted sheriff's return, requests for admission, and certified mail on April 17, 2025. A true and correct copy of the small claims petition it received is attached hereto as **Exhibit 1**. A true and correct copy of the unexecuted sheriff's return it received is attached hereto as **Exhibit 2**. A true and correct copy of the requests for admission it received is attached hereto as **Exhibit 3**. A true and correct copy of the certified mail it received is attached hereto as **Exhibit 4**.

3.      No other process, pleadings, or orders have been served upon Chase in the State Court Action.

4.      Chase has not yet appeared in the State Court Action.

### The Complaint

5.      Plaintiff alleges that Chase improperly failed to report an alleged dispute of a debt to credit bureaus in violation of the FCRA. *See* **Exhibit 1**. Chase denies any purported liability to Plaintiff.

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

**Service in the State Court**

6.      As required by 28 U.S.C. § 1446(d), Chase will promptly notify the Clerk of the District Court of Oklahoma County of this Notice of Removal and serve a copy on all parties.

**Venue**

7.      The State Court Action was filed in the District Court of Oklahoma, Oklahoma County. Venue properly lies in the United States District Court for the Western District of Oklahoma pursuant to 28 U.S.C. § 1441(a).

**Timeliness**

8.      Chase received the small claims petition and order on April 17, 2025.

9.      28 U.S.C. § 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based . . . ." This Notice of Removal is timely filed because thirty days have not lapsed from Chase's receipt of the small claims petition and order. *See* 28 U.S.C. § 1446(b)(1).

**Federal Question Jurisdiction is Present**

10.     This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11.     Plaintiff asserts a claim against Chase for a violation of the FCRA, which is codified in 15 U.S.C. § 1681, *et seq*. *See* **Exhibit 1**. Therefore, the small claims petition

Page 3 of 6

necessarily presents a question of federal law such that removal of this action is appropriate pursuant to 28 U.S.C. § 1331. *See, e.g.*, *Busch v. Wells Fargo Home Mortgate Inc.*, 5:16-CV-210-JMH, 2016 WL 4033161, at *2 (E.D. Ky. July 27, 2016) (denying motion to remand, holding "Plaintiffs allege on the face of their complaint that Wells Fargo violated the FCRA. . . As such, the Court finds that this case was properly removed to federal court pursuant to 28 U.S.C. § 1441(a)").

## No Admission of Liability

12.     By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiff's allegations or purported facts set forth in the small claims petition, does not contend that the small claims petition adequately pleads any cause of action, and does not concede that Plaintiff is entitled to any of the relief sought in the small claims petition or any relief of any kind. Chase reserves all rights in responding to the small claims petition.

## COMPLIANCE WITH 28 U.S.C. § 1446 AND LCvR 81.2

13.     Pursuant to 28 U.S.C. § 1446(a), all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto:

      a.  The small claims petition is attached as **Exhibit 1**;

      b.  The Sheriff's Return (unexecuted) is attached as **Exhibit 2**;

      c.  The Requests for Admission is attached as **Exhibit 3**; and

      d.  The Certified Mail is attached as **Exhibit 4**.

14.     Pursuant to Local Civil Rule 81.2(a), a copy of the docket sheet for the State

Court Action is attached as **Exhibit 5.**

## Conclusion

15.    For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. Wherefore, the State Court Action is hereby removed to this Court from the District Court of the State of Oklahoma, Oklahoma County.

Respectfully submitted,

Jones, Gotcher & Bogan, P.C.

/s James E. Weger
James E. Weger, OBA #9437
Patrick G. Colvin, OBA #31519
15 East Fifth Street, Suite 3800
Tulsa, Oklahoma 74103
Telephone: (918) 581-8200
Facsimile: (918) 583-1189
jweger@jgbok.com
pcolvin@jgbok.com
***Attorneys for Defendant, JPMorgan Chase Bank, N.A.***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 13, 2025, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered participants of the Electronic Case Filing System.

I hereby certify that on May 13, 2025, I filed the attached document with the Clerk of Court and served the attached document by the United States Mail with proper postage fully prepaid thereupon the following, who are not registered participants of the Electronic Case Filing System:

Bradley Ammerman
120 E. 5th Street
Arcadia OK 73007

/s James E. Weger
James E. Weger